BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE GEORGE RUNNER, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May the board of trustees of a community college district approve a selective reclassification of a classified employee's position if the employee's spouse is a member of the board of trustees and the reclassification makes the employee eligible for an increase in salary?
 CONCLUSION
The board of trustees of a community college district may not approve a selective reclassification of a classified employee's position if the employee's spouse is a member of the board of trustees and the reclassification makes the employee eligible for an increase in salary.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the Walter Stiern Act (Ed. Code, §§ 70900-82548), governing the establishment and operation of community colleges throughout the state. The community college system is under the control of the Board of Governors of the California Community Colleges (Ed. Code, §§70900-70901.5, 71020-71051), whose responsibilities include providing general supervision over community college districts (Ed. Code, § 70901), issuing regulations (Ed. Code, § 70901.5, see Cal. Code Regs., tit. 5, §§5:50001-5:59509), and appointing a chief executive officer, the Chancellor of the California Community Colleges, to perform duties as delegated by the Board of Governors (Ed. Code, § 71090).
At the local level, each community college is under the control of a board of trustees of the community college district in which the college is located. (Ed. Code, §§ 70900, 70902, , 72000-72682.) In operating the colleges within its district, a board of trustees is responsible for adopting regulations, employing staff, and delegating various duties to a chief executive officer, other employees, and committees. (Ed. Code, § 70902) Specifically, the board "shall . . . establish employment practices, salaries, and benefits for all employees not inconsistent with the laws of this state" (Ed. Code, §70902, subd. (b)(4)) and "shall fix and prescribe the duties to be performed by all persons in community college service in the district" (Ed. Code, § 72400).
The question presented for analysis concerns the reclassification[1]
of some of a community college's classified[2] employees, including the position held by the spouse of a member of the board of trustees. Those in the reclassified positions would be eligible for a salary increase. We are asked whether an employment contract resulting from such reclassification would violate state conflict of interest laws, particularly Government Code section 1090.[3] We conclude that it would.
Section 1090 states in part:
"Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members." The prohibition of section1090 is made specifically applicable to the members of a governing board of a community college district. (Ed. Code, § 72533)
The purpose of section 1090 "is to remove or limit the possibility of any personal influence, either directly or indirectly, which might bear upon an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct." (Stigall v. City of Taft (1962) 58 Cal.2d 565, 569; see Thorpe v. Long Beach Community College Dist. (2000) 83 Cal.App.4th 655, 659; Fraser-Yamor Agency, Inc. v. County of Del Norte (1977) 68 Cal.App.3d 201,215.) The statute is applicable not only to direct interests but also to indirect interests. "California courts have . . . consistently voided . . . contracts where the public officer was found to have indirect interest therein." (Thomson v. Call (1985) 38 Cal.3d 633, 645; see Moody v. Shuffleton (1928) 203 Cal. 100, 102-105; Terry v. Bender (1956)143 Cal.App.2d 198, 207-208; People v. Darby (1952) 114 Cal.App.2d 412,431-432.) Section 1090, where applicable, constitutes an absolute prohibition from entering into the prohibited contract. Accordingly, the statutory prohibition cannot be avoided by having the officer with the proscribed financial interest abstain from participating in the decision-making process. (Thomson v. Call, supra, 38 Cal.3d at p. 649; Fraser-Yamor Agency, Inc. v. County of Del Norte, supra, 68 Cal.App.3d at pp. 211-212.)
However, the prohibition of section 1090 may be avoided if the contract falls within the scope of section 1091 or section1091.5, specifying various "remote interests" and "noninterests" respectively. If a "remote interest" is present, the contract may be executed if the officer (1) discloses his or her financial interest in the contract to the public agency, (2) such interest is noted in the body's official records, and (3) the officer completely abstains from any participation in the making of the contract. (83 Ops.Cal.Atty.Gen. 246, 248 (2000); 78 Ops.Cal.Atty.Gen. 230, 235-237 (1995); 65 Ops.Cal.Atty.Gen. 305, 307 (1982).)[4] If a "noninterest" is present, the contract may be executed without the officer's abstention or general disclosure. (City of Vernon v. Central Basin Mun. Water Dist. (1999) 60 Cal.App.4th 508[69 Cal.App.4th 508], 515; 83 Ops.Cal.Atty.Gen., supra, at p. 247; 78 Ops.Cal.Atty.Gen. 362, 369-370 (1995).)
Here, the community college board member in question would have a community property interest in his spouse's employment contract with the district for purposes of section 1090. (Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 659; 83 Ops.Cal.Atty.Gen. 59, 60 (2000); 26 Ops.Cal.Atty.Gen. 281, 285 (1955).) Classified employees, as well as certificated employees, have a contractual relationship establishing their employment with the district for purposes of the statutory prohibition. (Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 659; 81 Ops.Cal.Atty.Gen. 327, 330 (1998); 69 Ops.Cal.Atty.Gen. 257, 258, fn. 5 (1986).) The general language of section 1090 would thus be applicable to prevent the board of trustees from contracting with the spouse as a result of the reclassification. The trustee would be "financially interested" in the employment contract because of California's community property laws.
Are there any "remote interest" or "noninterest" exceptions that might be applicable to the employment contract? The only exception to section1090's prohibition requiring our analysis is the "noninterest" provision of section 1091.5, subdivision (a)(6), which states:
 "An officer or employee shall not be deemed to be interested in a contract if his or her interest is any of the following:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(6) That of a spouse of an officer or employee of a public agency in his or her spouse's employment or officeholding if his or her spouse's employment or officeholding has existed for a least one year prior to his or her election or appointment."
We may assume here that the one year qualifying period of employment has been met.
In 69 Ops.Cal.Atty.Gen. 255 (1986) and 80 Ops.Cal.Atty.Gen. 320 (1997), we concluded that under the terms of section 1091.5, subdivision (a)(6), a currently employed spouse may not be promoted or appointed to a different employment position. We interpreted "employment" for the minimum one-year period to mean the same employment with the public agency, rather than any employment with the agency. (69 Ops.Cal.Atty.Gen., supra, at pp. 258-259.)
Our interpretation of section 1091.5, subdivision (a)(6), was approved in Thorpe v. Long Beach Community College Dist., supra,83 Cal.App.4th 655, where the court considered whether a community college district could give a promotion to one of its accountants since her husband was a member of the district's board of trustees. The court analyzed the situation as follows:
"Specifically, two Attorney General opinions have addressed the issue of whether `employment' of one spouse prior to the other spouse's election or appointment for one year or more means any employment, or the same employment with the school district. (80 Ops.Cal.Atty.Gen., supra, at pp. 321-322; 69 Ops.Cal.Atty.Gen., supra, at p. 257.) In these opinions, the Attorney General concluded that a promotion approved by the school board after the employee's spouse is elected to the school board is prohibited. The Attorney General's analysis turned on whether the promotion was of the type that required some action of approval by the board.
"According to the Attorney General, if a promotion involved no action by the board, it would qualify as such a sufficiently similar employment as to amount to the same employment. For example, as noted by the Attorney General, such a situation would occur where there was a regular salary or merit step increase that typically requires no direct board action.
"On the other hand, the Attorney General concluded that if the employee's new position entailed a promotion, specifically citing the case of movement from employment as an accountant I to the higher grade of accountant II, such a promotion would require the approval of the board and constitute a prohibited conflict of interest under section1090. (69 Ops.Cal.Atty.Gen., supra, at pp. 259-260.) The Attorney General also applied the same board approval standard in opining that a substitute teacher could not be allowed to continue employment or be hired into another position because such a placement would require board approval while her spouse was on the board. (80 Ops.Cal.Atty.Gen., supra, at p. 321.)
"Moreover, the Attorney General's analysis persuasively and properly relied upon applicable principles of statutory interpretation requiring strict construction of language to further the salutary purpose of the conflict of interest statutes. Section 1091.5, subdivision (a)(6), constitutes an exception to section 1090's conflict of interest prohibition. ` "An exception contained in a statute to the general rule laid down therein must be strictly construed." [Citation.] Likewise "[s]tatutes prohibiting such `conflict of interest' by a public officer are strictly enforced" [citations] and have been strictly construed by the courts [citations] to further their salutary purpose. Accordingly, given the possible constructions of any employment or the same employment in subdivision (a)(6) of section 1091.5 . . . we choose the stricter interpretation, that is, the same employment.' (69 Ops.Cal.Atty.Gen., supra, at p. 258.)" (Id. at pp. 663-664.)
The court rejected the employee's argument that the new position would constitute the "same" employment:
 ". . . [C]ontrary to Thorpe's assertion, the new position she seeks would constitute a new employment and not merely a restructuring of her present job. The new position would have resulted in a pay increase for Thorpe, a new title, a new job description, substantial additional duties, and movement from a classified position in a bargaining unit to a supervisory position without a bargaining unit." (Id. at p. 664.)
The facts in the present situation fall squarely under our two prior opinions and the Thorpe decision. We are advised that upon completion of the reclassification study, the district's classified employees will be able to apply for reclassification of their current positions at a specified time each year. A committee will select up to 10 applications. Each application will be reviewed and a recommendation made to the board of trustees for reclassification or denial of the application. If the board approves the reclassification, a new salary level will be determined by the district's human resources department based upon a benchmark survey. The reclassification will not itself effect a change in the duties of the reclassified employee; rather, it will reflect the state of the duties and responsibilities of the position at the time the application was reviewed.
The reclassification in question would be an "upgrading of [the] position" (Ed. Code, § 88001, subd. (f)) resulting from an increase in the duties and responsibilities of the position. The increased salary would be a tangible indication of advancement in rank or position. Accordingly, there can be little doubt that the reclassification would result in a "promotion," commonly defined as "being raised in position or rank." (Webster's 3d New Internat. Dict. (1971), p. 1815.)
It makes no difference for purposes of section 1090 that an employee may already be performing many or most of the new duties and responsibilities at the time of the reclassification or that the reclassification would be an appropriate means for fairly compensating the employee for the job he or she is already performing. In Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th 655, the employee "already performed 70 percent of the duties outlined in the job description of the new position." (Id. at p. 658.) This fact did not deter the court from applying the prohibition of section 1090. Moreover, a contrary conclusion would allow a public agency to circumvent the language of section 1090 by merely allowing job duties and responsibilities to change over a period of time.
We do not have here the "restructuring" of an employee's job. A restructuring connotes a rearranging or repackaging of existing duties or the reallocation of existing workload within a new framework. (See Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 664.) Here, on the other hand, there would be the employee's
eligibility for a salary increase, a new job description, and substantial additional duties, notwithstanding the fact that some of the duties may already have been added incrementally.
We conclude that the board of trustees of a community college district may not approve a selective reclassification of a classified employee's position if the employee's spouse is a member of the board of trustees and the reclassification makes the employee eligible for an increase in salary.
 * * * * *
[1] "`Reclassification' means the upgrading of a position to a higher classification as a result of the gradual increase of the duties being performed by the incumbent in that position." (§88001, subd. (f).)
[2] Classified positions comprise most of a community college district's non-academic employees. (See §§ 87001.5, 88003
[non-merit system employees], 88076 [merit system employees].)
[3] All references hereafter to the Government Code are by section number only.
[4] None of the "remote interests" are germane herein.